UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
 :
CHARLES EDWARDS,
 :
                         Plaintiff,              10 Civ. 3141 (WHP)
 :
           -against-                 MEMORANDUM & ORDER
 :
WARDEN JUAN QUINONES and NYC
DEPT. OF CORRECTION COMMISSIONER,   :

                      Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Charles Edwards ("Edwards") brings this prisoner federal civil rights action against Defendants Juan Quinones ("Quinones"), Warden of Rikers Island, and Dora Schriro ("Schriro"), Commissioner of the New York City Department of Corrections. Edwards claims that the Department of Corrections provided him with inadequate sneakers. Quinones and Schriro move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to allege the personal involvement of either Defendant or deliberate indifference to a serious medical condition. For the following reasons, Defendants' motion to dismiss the Complaint is granted.

## BACKGROUND

        In September 2009, Edwards was incarcerated at Riker's Island. (Complaint dated February 19, 2010 ("Compl.") at II(C) (D).) On October 1, 2009, the Department of Corrections issued sneakers to him. (Compl. at II(C).) Edwards claims those sneakers provided insufficient support causing lower back pain and the swelling of his feet. (Compl. at II(C).)

Edwards also claims that the sneakers prevented him from exercising outside in the rain or snow because his feet became "beyond cold." (Compl. at II(D).) On three occasions between December 2009 and February 2010, Edwards filed grievances concerning his discomfort with his sneakers. (Compl. Ex. A: Letter to Juan Quinones dated Feb. 2, 2010 ("Feb. 2 Grievance"); Compl. Ex. B: Letter to "Grievance" dated Jan. 6, 2010 ("Jan. 6 Grievance"); Compl. Ex. C: Letter to Board of Correction[s] dated Dec. 21, 2009 (Dec. 2009 Grievance".) Those grievances claimed that the sneakers caused him pain in his back and feet. (Feb. 2 Grievance; Jan. 6 Grievance; Dec. 21 Grievance.) Edwards addressed only one of the grievances to Quinones and none of them to Schriro. (Feb. 2 Grievance.)

## DISCUSSION

I. Legal Standard

On a motion to dismiss, a court accepts a complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). A complaint's factual allegations must permit a court "to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940.

Because Edwards is proceeding pro se, this Court construes his complaint liberally and interprets it to raise the strongest arguments it suggests. Weixel v. Bd. of Educ. of

2

City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002); see also Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 402, (2008) ("[I]n the formal litigation context, pro se litigants are held to a lesser pleading standard than other parties."); Haines v. Kerner, 404 U.S. 519, 520 (1972) (a pro se litigant's submissions are held to "less stringent standards than [those] drafted by lawyers").

While Edwards did not submit any papers opposing this motion, that failure, by itself, does not merit dismissal of the complaint. McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000); Simmons v. Schriro, No. 09 Civ. 9598 (WHP), 2010 WL 3238943, at *1 (S.D.N.Y. Aug. 16, 2010). Rather, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." McCall, 232 F.3d at 322-23.

II. Personal Involvement

"'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Shomo v. City of N.Y., 579 F.3d 176, 184 (2d Cir. 2009) (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor's personal involvement is established if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon, 58 F.3d at 873 (citation omitted). As such, "supervisor liability in a § 1983 action depends on a showing of personal responsibility, and cannot rest on respondeat superior."

Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003); see also Iqbal, 129 S. Ct. at 1948; Solar v. Annetts, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010).

Edwards fails to allege facts establishing personal involvement by either defendant. Aside from naming Schriro as a Defendant, Edwards makes no allegations against her. As for Quinones, Edwards alleges that he sent him a letter describing his dissatisfaction with his sneakers. However, a single letter to a supervisory official is insufficient to establish personal involvement. See Shomo, 579 F.3d at 184 (dismissing § 1983 claims against Department of Correction officials for lack of personal involvement when "[t]he only allegation pertaining to [those] defendants [was] that [plaintiff] filed complaints with [them]"); Rivera v. Pataki, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *22 (S.D.N.Y. Feb. 7, 2005) ("Simply because [plaintiff] wrote to these supervisory officials complaining of mistreatment does not justify holding them liable under § 1983."). "More proof of personal involvement is required: '[T]o allow a mere letter to an official to impose supervisory liability would permit an inmate to place liability on individuals who had no authority over the situation complained of merely by sending letters.'" Rivera, 2005 WL 407710, at *22 (quoting Johnson v. Wright, 234 F. Supp. 2d 352, 363 (S.D.N.Y. 2002)).

Edwards's failure to allege any personal involvement by either Defendant warrants dismissal of the Complaint. Because the Complaint is dismissed on that ground, this Court need not reach the issue of whether Edwards alleges deliberate indifference to a serious medical condition. However, this Court would be remiss in its gate keeping duties if it did not note its reservations about the sufficiency of Edwards's allegations. They bear the hallmarks of a recreational litigant and border on the patently frivolous. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) ("The Constitution does not mandate comfortable prisons.") (internal quotation

4

marks and citation omitted.)

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is granted and this action is dismissed. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: November 17, 2010
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to*:

Charles Edwards
#03-A-1384
Queensboro Correctional Facility
47-04 Van Dam Street
Long Island City, NY 11101
Plaintiff *Pro Se*

Lesley Ann Berson, Esq.
New York City Law Department
100 Church Street
New York, NY 10007
*Counsel for Defendants*